FILED by **KS** D.C.

Apr 6, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **21-60103-CR-SMITH/VALLE**

18 U.S.C. § 371
15 U.S.C. §§ 78j(b) & 78ff
17 C.F.R. § 240.10b-5
18 U.S.C. § 1349
18 U.S.C. § 1956(h)
18 U.S.C. § 981
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

PATRICK GALLAGHER,
    a/k/a "Kevin Clarke,"
MICHAEL DION,
    a/k/a "Bill Breen," and
EMADE ECHADI,
    a/k/a "Liam Dunne,"

           Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### Definitions

1.    The foreign exchange market, also known as "forex," "FX," and "currency exchange," was a global marketplace for buying and selling foreign currencies. Forex trading was conducted electronically over the counter, via computer networks between traders around the world, rather than on one centralized exchange.

2. Retail forex trading was a form of trading through which investors who placed funds with traders sought to profit from exchange rates between different currencies. Traders would place trades on behalf of investors on trading platforms that matched buyers and sellers in the forex market.

3. Metatrader 4 ("MT4") was a trading platform on which retail forex traders transacted with each other. Platform providers—that is, companies who had an MT4 account—used MT4 in one of two ways. The first was to match buyers and sellers, essentially brokering transactions. If a customer of the platform provider wanted to transact in a specific currency pair, the platform provider would match their offer with a sale in the same currency pair, and it would make money by taking a spread (a commission) on the transaction. The other way a platform provider used MT4 was to actually take positions and actively trade currencies. That is, instead of matching a seller and a buyer in the market, the platform provider itself would be the counterparty on the transaction. This action was called trading in the "B-Book." In other words, trading in the "B-Book" meant that the platform provider would act as buyer or seller opposite their customer.

4. An "investment contract" was a contract, transaction, or scheme whereby a person invested his or her money in a common enterprise and was led to expect profits solely from the efforts of the promoter or a third party. An "investment contract" was a type of security as defined in Title 15, United States Code, Section 77b.

**The Defendants, Co-Conspirators, and Related Entities**

5. Global Forex Management LLC ("Global Forex") was a purported experienced and successful foreign currency trading brokerage that was based in Massachusetts and Fort Lauderdale, Florida, in Broward County, in the Southern District of Florida. Global Forex, previously named International Foreign Currency, operated from in or around 2010 through in or

around 2014.

6. IB Capital FX LLC ("IB Capital") was a purported foreign currency trading platform provider that was based in the Netherlands and licensed in New Zealand. IB Capital operated from in or around 2010 through in or around 2013.

7. Stadler Ltd. was a shell company with bank accounts based in Cyprus and Belize.

8. Starline Management Ltd. was a shell company with bank accounts based in Cyprus and Deerfield Beach, Florida, in Broward County, in the Southern District of Florida.

9. Coddan Management Ltd. was a shell company registered in Cyprus.

10. Defendant **PATRICK GALLAGHER**, a/k/a "Kevin Clarke," owned and operated International Foreign Currency and was a co-owner and operator of Global Forex. **GALLAGHER** was a resident of Massachusetts and Fort Lauderdale, Florida.

11. Defendant **MICHAEL DION**, a/k/a "Bill Breen," was a co-operator of Global Forex. **DION** was a resident of Deerfield Beach, Florida.

12. Defendant **EMADE ECHADI**, a/k/a "Liam Dunne," was a co-operator of IB Capital. **ECHADI** was a resident of the Netherlands and Morocco.

13. Individual 1 was an owner of IB Capital. Individual 1 was a resident of the Netherlands.

## COUNT 1
### Conspiracy to Commit Securities Fraud
### (18 U.S.C. § 371)

1. Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or around 2009, and continuing through in or around September 2013, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PATRICK GALLAGHER,
MICHAEL DION, and
EMADE ECHADI,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, in connection with the purchase and sale of securities, use and employ manipulative and deceptive devices and contrivances, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business that operated and would operate as a fraud and deceit upon investors, in violation of Title 18, United States Code, Section 371.

**PURPOSE OF THE CONSPIRACY**

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (a) making and using false and fraudulent statements to investors regarding, among other things, their true identities, their track record of success as forex traders, their trading strategy, and the use of investors' funds; (b) engineering trades through which they could profit at the investors' expense; (c) diverting the proceeds of the fraud for their personal use and benefit; and (d) concealing their involvement in, and the existence of, the fraud scheme.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendants and their co-conspirators sought to

accomplish the object and purpose of the conspiracy included, among others, the following:

4. From in or around 2009 and continuing through at least on or about September 5, 2013, **PATRICK GALLAGHER, MICHAEL DION, EMADE ECHADI,** Individual 1, and their co-conspirators devised and executed a foreign exchange trading scheme through Global Forex and IB Capital whereby they obtained money from investors pursuant to investment contracts under the guise of conducting legitimate foreign exchange trading, but instead, unbeknownst to the investors, fraudulently engineered losing trades and stole the investors' money for themselves. **GALLAGHER, DION, ECHADI,** Individual 1, and their co-conspirators carried out and concealed the scheme by, among other means, using fictitious aliases, creating fraudulent trading records, and laundering the proceeds of the scheme through shell companies and accounts held in others' names.

5. The defendants created purported forex related companies and brought on business partners. In or around 2010, Individual 1 created IB Capital, a purported trading platform provider for companies that wanted to engage in forex trading, and brought in **EMADE ECHADI** as his partner. **PATRICK GALLAGHER** changed the name of his purported forex trading brokerage company from International Foreign Currency to Global Forex, and brought on **MICHAEL DION** as a business partner.

6. Individual 1, **EMADE ECHADI**, and their co-conspirators used IB Capital to work with fraudulent "introducing brokers," such as **PATRICK GALLAGHER** and **MICHAEL DION**, in order to steal money from unwitting victim investors. **GALLAGHER** and **DION** would use Global Forex to bring in investors as the so-called introducing broker, and they would purport to trade through IB Capital, Individual 1, and **ECHADI**.

7. **PATRICK GALLAGHER** and **MICHAEL DION** fraudulently solicited victim

investors via the internet and through wire communications in interstate and foreign commerce. For example, **GALLAGHER** and **DION** attracted investors by using falsified trading records to fraudulently overstate their abilities and the historical success of their and their co-conspirators' forex trading companies, falsely claimed that they earned consistent positive returns, and fraudulently concealed their true trading strategies from victim investors.

8. In order to hide their identities, **PATRICK GALLAGHER** and **MICHAEL DION** created aliases to use when bringing victim investors into the scheme. **GALLAGHER** used the alias "Kevin Clarke," and **DION** used the alias "Bill Breen." **GALLAGHER** and **DION** used these aliases in communicating with victim investors and on internal emails.

9. In addition to concealing their identities, **MICHAEL DION** and **PATRICK GALLAGHER** concealed **GALLAGHER**'s criminal record. In or around October 2011, **GALLAGHER** was arrested in Miami on an unrelated offense and imprisoned until in or around January 2012. During that time, **MICHAEL DION** told victim investors a false narrative that "Kevin Clarke" had been in a motorcycle accident to explain **GALLAGHER**'s unavailability. **DION** discussed this false cover story with **GALLAGHER**, Individual 1, and **ECHADI**.

10. As part of the scheme, **PATRICK GALLAGHER** and **MICHAEL DION** convinced victim investors to wire money directly to an IB Capital account in Cyprus. **EMADE ECHADI** and Individual 1 then moved those funds into the IB Capital trading account at a Dutch bank. The co-conspirators pooled the victim investors' funds together and then **GALLAGHER, DION, ECHADI**, and Individual 1 made trading decisions as to how to use those investor funds.

11. As further part of the scheme, after the victim investors sent their funds to Global Forex, **PATRICK GALLAGHER, MICHAEL DION, EMADE ECHADI**, and Individual 1 used the B-Book function in MT4 to fraudulently engineer losing trades. Instead of fairly

conducting transactions in the B-Book, **ECHADI, GALLAGHER, DION**, and Individual 1 had previously agreed to guarantee losses for the victim investors. They did this by working together to hold trades open until the victim investors' positions had lost money, and then closing the trades, locking in those losses. Because they were doing these trades in the B-Book, IB Capital itself was the counterparty to the trades conducted by Global Forex—so the pre-planned victim losses became profits for IB Capital. However, unbeknownst to the victim investors, **ECHADI, GALLAGHER, DION**, and Individual 1 had prearranged to split these fraud proceeds evenly.

12.     **PATRICK GALLAGHER, MICHAEL DION, EMADE ECHADI**, and Individual 1 executed and attempted to execute a plan to create a massive "losing day" in which **GALLAGHER** would trade a large amount of investor funds, hold the positions open until they lost money, and then close them. As of on or about May 16, 2012, **GALLAGHER, DION, ECHADI**, and Individual 1 had amassed approximately $54 million in victim investor funds, most of which came from U.S.-based investors, including from investors residing in the Southern District of Florida. On or about May 17, 2012, **GALLAGHER, DION, ECHADI**, and Individual 1 used their fraudulent trading strategy to successfully engineer massive losses for the victim investors and significant profits for themselves. The conspirators ultimately stole approximately $30 million, or 60 percent, of the victim investors' funds in this one day of trading. This included, but was not limited to, stealing approximately $45,565 from victim investor J.A., stealing approximately $40,297 from victim investor V.M., and stealing approximately $363,462 from victim investor A.G.

13.     After the "losing day," **PATRICK GALLAGHER** generally took the lead in falsely representing the actual cause of the losses to victim investors who were asking questions about how the conspirators had lost their investment funds. In a webinar that took place shortly

7

after the "losing day," **GALLAGHER**, using the alias "Kevin Clarke," falsely told a group of victim investors that they had lost money due to **GALLAGHER's** trading error. **GALLAGHER** then encouraged the victim investors to send more money to Global Forex to make up their losses.

14.     **PATRICK GALLAGHER** and **MICHAEL DION**, with the aid of Individual 1, incorporated several shell companies throughout the world.  **GALLAGHER** and **DION** then opened bank accounts in those companies' names, where **GALLAGHER** and **DION** received their share of the scheme's proceeds from Individual 1 and **EMADE ECHADI**, thereby concealing the scheme and enabling themselves to unlawfully profit and evade detection.

15.     For example, Individual 1 owned a company called Stadler Ltd.  Individual 1 transferred his/her control of Stadler Ltd. to **PATRICK GALLAGHER** and **MICHAEL DION**. **GALLAGHER** in turn put the company in his wife's name, and Individual 1 and **EMADE ECHADI** routed proceeds of the scheme to **GALLAGHER** through Stadler Ltd. accounts, including at Caye Bank in Belize and Heritage International Bank and Trust in Belize. From there, funds were routed to accounts under the control of **GALLAGHER** and **DION**.

16.     **PATRICK GALLAGHER** and **MICHAEL DION** also created several shell companies and opened associated bank accounts in Cyprus.  These companies included Starline Management Ltd. and Coddan Management, Ltd.   Ultimately, Individual 1 and **EMADE ECHADI** sent **GALLAGHER's** and **DION's** share of the proceeds to the shell companies' bank accounts to conceal the funds' fraudulent nature, as well as the funds' source, ownership, and controlling party.  From there, **GALLAGHER** and **DION** moved the money through other accounts around the world until they could return the funds to the United States, thereby enabling the conspirators to unlawfully profit and evade detection.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. In or around March 2012, **PATRICK GALLAGHER**, **MICHAEL DION**, **EMADE ECHADI**, and Individual 1 caused victim investor J.A. to wire approximately $74,300 from J.A.'s bank account in Coral Springs, Florida, in the Southern District of Florida, to IB Capital.

2. In or around March 2012, **PATRICK GALLAGHER**, **MICHAEL DION**, **EMADE ECHADI**, and Individual 1 caused victim investor V.M. to wire approximately $50,000 from a bank account in Coral Springs, Florida, in the Southern District of Florida, to IB Capital.

3. In or around March 2012, **PATRICK GALLAGHER**, **MICHAEL DION**, **EMADE ECHADI**, and Individual 1 caused victim investor A.G., a resident of Hallandale Beach, Florida, in the Southern District of Florida, to wire approximately $550,000 to IB Capital.

4. In or around May 2012, **PATRICK GALLAGHER** made false and fraudulent statements about losses to victim investors, including victim investor A.G., during a webinar hosted by **GALLAGHER**.

5. In or around May 2012, **PATRICK GALLAGHER**, using the alias, "Kevin Clarke," falsely represented to victim investors that on or about May 16, 2012, when **GALLAGHER** went to trade their money, **GALLAGHER** realized that the allocations of the victims investors' money among the various currencies that **GALLAGHER** was purportedly trading was incorrect, and in **GALLAGHER**'s haste to fix the problem, **GALLAGHER** purportedly accidentally traded ten times more contracts than **GALLAGHER** had intended.

**GALLAGHER** falsely represented that this mistake was the cause of investors' losses on "losing day," and he further encouraged investors to invest additional funds with Global Forex and IB Capital.

6. On or about October 26, 2012, after fraud proceeds were routed to a Starline Management account at FBME Bank in Cyprus, **MICHAEL DION** wired approximately $458,729 from that account to a Starline Management Wells Fargo account in Deerfield Beach, Broward County, Florida, in the Southern District of Florida.

7. On or about October 11, 2012, **PATRICK GALLAGHER** wired approximately $368,370 from a Stadler bank account at Heritage International Bank and Trust in Belize to Boston Bullion in Massachusetts for the purchase of 200 one-ounce gold bars and 25 ten-ounce silver bars.

8. On or about July 25, 2013, **PATRICK GALLAGHER** sent fraud proceeds by wire in the amount of $18,000 from a Stadler bank account at Caye Bank in Belize to a Fourth Federal Savings Bank account in the name of **GALLAGHER**'s wife.

9. On or about August 7, 2013, **PATRICK GALLAGHER** sent fraud proceeds by wire in the amount of $15,000 from a Stadler bank account at Caye Bank in Belize to a Fourth Federal Savings Bank account in the United States the name of **GALLAGHER**'s wife.

10. On or about August 22, 2013, **PATRICK GALLAGHER** sent fraud proceeds by wire in the amount of $9,000 from a Stadler bank account at Caye Bank in Belize to a Fourth Federal Savings Bank account in the United States the name of **GALLAGHER**'s wife.

11. On or about August 29, 2013, **PATRICK GALLAGHER** sent fraud proceeds by wire in the amount of $6,000 from a Stadler bank account at Caye Bank in Belize to a Fourth Federal Savings Bank account in the United States in the name of **GALLAGHER**'s wife.

12. On or about September 5, 2013, **PATRICK GALLAGHER** sent fraud proceeds

by wire in the amount of $9,000 from a Stadler bank account at Caye Bank in Belize to a Fourth Federal Savings Bank account in the United States in the name of **GALLAGHER**'s wife.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Securities Fraud**
**(15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5)**

1. Paragraphs 1 through 13 of the General Allegations section of this Indictment, and paragraphs 4 through 16 of Count 1 of this Indictment, are realleged and incorporated by reference as though fully set forth herein.

2. From in or around 2009, and continuing through on or about September 5, 2013, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PATRICK GALLAGHER,**
**MICHAEL DION and**
**EMADE ECHADI,**

did willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, in connection with the purchase and sale of securities, use and employ manipulative and deceptive devices and contrivances, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business that operated and would operate as a fraud and deceit upon investors into International Foreign Currency, Global Forex, and IB Capital, to wit, the defendants made and caused to be made false and misleading representations to investors about how they would use investors' funds; the historical trading records for International Foreign Currency and

Global Forex; the relationship between IB Capital and Global Forex; and what happened to the investors' money after the defendants had misappropriated it for themselves.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## COUNT 3
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

1. Paragraphs 1 through 13 of the General Allegations section of this Indictment, and paragraphs 4 through 16 of Count 1 of this Indictment, are realleged and incorporated by reference as though fully set forth herein.

2. From in or around 2009, and continuing through in or around September 2013, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PATRICK GALLAGHER,
MICHAEL DION and
EMADE ECHADI,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, Individual 1, and with others known and unknown to the Grand Jury, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.　　It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (a) making and using false and fraudulent statements to investors regarding, among other things, their true identities, their track record of success as forex traders, their trading strategy, and the use of investors' funds; (b) engineering trades through which they could profit at the investors' expense; (c) diverting the proceeds of the fraud for their personal use and benefit; and (d) concealing their involvement in, and the existence of, the fraud scheme.

## MANNER AND MEANS OF THE CONSPIRACY

4.　　Paragraphs 4 through 16 of Count 1 of this Indictment are realleged and fully incorporated herein as a description of the manner and means of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 4
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.　　Paragraphs 1 through 13 of the General Allegations section of this Indictment, and paragraphs 4 through 16 of Count 1 of this Indictment, are realleged and incorporated by reference as though fully set forth herein.

2.　　From in or around 2009, and continuing through on or about September 5, 2013, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PATRICK GALLAGHER,
MICHAEL DION, and
EMADE ECHADI,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with Individual 1, and others known and unknown to the Grand Jury, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified

unlawful activity, knowing the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343, conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5.

All in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE**
## **(18 U.S.C. §§ 981 and 982)**

1. The General Allegations section and the allegations set forth in Counts 1 through 4 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **PATRICK GALLAGHER**, **MICHAEL DION**, and **EMADE ECHADI**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, any defendant so convicted shall forfeit to the United States any property, real or personal involved in such offense, of any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of a violation of Title 18, United States Code, Sections 371 or 1349, or upon a conviction of a violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, as alleged in this Indictment, any defendant so convicted shall forfeit to the United States any property, real or personal, that

constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 982(a)(2).

4.  The property which is subject to forfeiture includes, but is not limited to, the sum of at least $30 million, which represents the gross proceeds of the offenses alleged in the Indictment.

5.  If any of the property described above, as a result of any act or omission of any of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

DANIEL S. KAHN
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

VASANTH R. SRIDHARAN
BRITTAIN SHAW
TRIAL ATTORNEYS
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

PATRICK GALLAGHER, et al.,

_____ Defendants. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)
___ Miami    ___ Key West
_✓_ FTL      ___ WPB      ___ FTP

New defendant(s)           Yes ___  No ___
Number of new defendants   ___
Total number of counts     ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect    Dutch

4. This case will take _14_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days       ___          Petty     ___
   II   6 to 10 days      ___          Minor     ___
   III  11 to 20 days     _✓_          Misdem.   ___
   IV   21 to 60 days     ___          Felony    _✓_
   V    61 days and over  ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)     No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes ___   No _✓_

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes ___   No _✓_

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     Yes ___   No _✓_

10. Does this case originate from a matter pending in the Southern Region of the U.S. Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)?   Yes _✓_   No ___

_____
Vasanth R. Sridharan, DOJ Trial Attorney
Court ID No. A5502104

(signed: Cynthia R. Wood for)

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** PATRICK GALLAGHER, a/k/a "Kevin Clarke"

**Case No:** _____

Count #: 1

Title 18, United States Code, Section 371

Conspiracy to Commit Securities Fraud

**\*Max Penalty:** Five (5) years' imprisonment

Count #: 2

Title 15, United States Code, Sections 78j(b) and 78ff

Title 17, Code of Federal Regulations, Section 240.10b-5

Securities Fraud

**\*Max Penalty:** Twenty (20) years' imprisonment

Count #: 3

Title 18, United States Code, Section 1349

Conspiracy to Commit Wire Fraud

\*Max Penalty: Twenty (20) years' imprisonment

Count #: 4

Title 18, United States Code, Section 1956(h)

Conspiracy to Commit Money Laundering

\*Max Penalty: Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:**   MICHAEL DION, a/k/a "Bill Breen"

**Case No:** _____

Count #:   1

   Title 18, United States Code, Section 371

   Conspiracy to Commit Securities Fraud

**\*Max Penalty**:   Five (5) years' imprisonment

Count #:   2

   Title 15, United States Code, Sections 78j(b) and 78ff

   Title 17, Code of Federal Regulations, Section 240.10b-5

   Securities Fraud

**\*Max Penalty**:   Twenty (20) years' imprisonment

Count #:   3

   Title 18, United States Code, Section 1349

   Conspiracy to Commit Wire Fraud

\*Max Penalty:   Twenty (20) years' imprisonment

Count #:   4

   Title 18, United States Code, Section 1956(h)

   Conspiracy to Commit Money Laundering

\*Max Penalty:   Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**     EMADE ECHADI, a/k/a "Liam Dunne"

**Case No:** _____

Count #: 1

    Title 18, United States Code, Section 371

    Conspiracy to Commit Securities Fraud

**\*Max Penalty:**     Five (5) years' imprisonment

Count #: 2

    Title 15, United States Code, Sections 78j(b) and 78ff

    Title 17, Code of Federal Regulations, Section 240.10b-5

    Securities Fraud

**\*Max Penalty:**     Twenty (20) years' imprisonment

Count #: 3

    Title 18, United States Code, Section 1349

    Conspiracy to Commit Wire Fraud

**\*Max Penalty:**     Twenty (20) years' imprisonment

Count #: 4

    Title 18, United States Code, Section 1956(h)

    Conspiracy to Commit Money Laundering

**\*Max Penalty:**     Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**